

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-17-00360-CR

MICHAEL RAY REED, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 72,671-D, Honorable Don R. Emerson, Presiding

January 24, 2019

MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Following a jury trial, Michael Ray Reed, Jr., appellant, was found guilty of the offense of unlawful possession of a firearm by a felon.[1]  His punishment was assessed at confinement in the Texas Department of Criminal Justice for six years.  In his sole issue, appellant contends that the evidence was insufficient to establish that he was a convicted felon as alleged by the indictment.  We affirm the decision of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 46.04(a)(2) (West 2011).

Background

In August of 2016, while on patrol near the intersection of Northeast 10th and Hughes street, Amarillo police officers Nathan Thompson and David Wolven, saw a Tahoe turn around ahead of them with the driver's door open. As the officers got closer to the Tahoe, they heard a woman "screaming something about a gun." The officers initiated a traffic stop, ordered the driver, appellant, out of the Tahoe, and placed him in handcuffs. The officers asked appellant if he had a weapon or gun and appellant said no. Officer Thompson asked appellant if he could look in the vehicle. At that point, appellant said there was a gun in the center console. Officer Thompson retrieved the firearm underneath the cup holders where appellant said the gun was located. Appellant was charged with unlawful possession of a firearm by a felon.

Appellant pled not guilty and proceeded to trial. The State introduced portions of the police dashcam video to which appellant stipulated. In the video, appellant acknowledged that he is a convicted felon and that he carried a firearm for his protection because he had been threatened. The trial court also admitted, without objection, a certified copy of a judgment memorializing appellant's felony conviction for "assault causing bodily injury to a family member, enhanced" and an order showing appellant's successful completion of community supervision for that conviction in 2007.[2] The jury found appellant guilty of the offense of unlawful possession of a firearm by a felon from which he appeals.

---

[2] The order discharging appellant from community supervision did not release appellant from the penalties and disabilities resulting from the judgment of conviction

2

Analysis

In a single issue, appellant argues that the evidence was insufficient to support the jury's finding that he had been previously convicted of a felony. When reviewing the sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine whether a rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We must "defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

The sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). To prove unlawful possession of a firearm by a felon, the State was required to prove that appellant (1) possessed a firearm at a location other than the premises at which he lives and (2) after conviction and after the fifth anniversary of his release from community supervision. TEX. PENAL CODE ANN. § 46.04(a)(2).

Appellant does not dispute that the investigating officers found a firearm in the center console of his Tahoe at a location away from his home. Appellant does not question the proximity and position of the firearm to appellant inside the Tahoe, or the fact that he successfully completed probation in 2007 for an assault, enhanced.

3

Appellant contends the evidence is insufficient to support his conviction because the jury did not hear facts establishing that appellant was previously convicted of a felony offense. According to appellant, the certified copy of the judgment did not establish appellant was a convicted felon because it "was never published to the jury." Appellant concludes that, as such, there was no testimony indicating appellant had been convicted of a prior felony. The State responds by pointing to the video evidence in which appellant admitted to police that he was a convicted felon and the certified copy of appellant's prior felony conviction which was admitted into evidence without objection. We agree with the State.

Appellant's status as a convicted felon was acknowledged by appellant himself in the video recording played for the jury. Moreover, the certified copy of appellant's conviction for assault, enhanced, was admitted into evidence and the judgment itself reflects it is a third-degree felony. Appellant admitted that he was the defendant identified in the prior conviction. Thus, the record contains sufficient information to establish appellant was a convicted felon. *See Hutchings v. State*, 333 S.W.3d 917, 922 (Tex. App.—Texarkana 2011, pet. dism'd) (admission of judgment of prior felony conviction is sufficient evidence of a prior felony conviction). Appellant cites us to no authority nor are we aware of any authority which requires a finding on the record that the jury "saw" the judgment when it is clear that it was admitted into evidence.

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant was a convicted felon when he possessed the weapon. Appellant's sole issue is overruled.

4

Conclusion

Having overruled appellant's issue, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Do not publish.